UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )
|---|---|
| **LUKE LUGO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 22-cv-11211-DJC |
| | ) |
| **JORGE VELIZ, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                              **May 4, 2023**

Plaintiff Luke Lugo ("Lugo"), proceeding *pro se,* brings this action in which he complains of conditions of confinement at Bridgewater State Hospital ("BSH") and Billerica House of Correction ("BHOC"). On February 15, 2023, the Court ordered Lugo to resolve the filing fee and to file an amended complaint by March 22, 2023. D. 8. Although Lugo timely filed documents in response to that Order, they are insufficient to cure the filing fee and pleading deficiencies the Court identified. For the reasons stated below, the Court will dismiss this action without prejudice and without assessment of a filing fee.

**I.     Filing Fee**

In its February 15, 2023 Order, the Court specified that, if Lugo wanted to proceed with this action, he was required to either (1) pay the $402 filing fee; or (2) file a renewed Application to Proceed in District Court without Prepaying Fees or Costs ("Application") with a prison account statement covering the six-month period preceding the filing of this lawsuit. D. 25 at 4. The Court noted that Lugo's failure to comply with the Order could result in dismissal of the lawsuit

1

without prejudice.  Id.  Lugo has since filed a prison account statement covering the relevant time period, D. 28-2, but he did not file a renewed Application.

## II.     Amended Complaint

In the February 15, 2023 Order, the Court stated that a complaint must provide "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'"  D. 25 at 3 (citing Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original)).  The Court further stated that labels and conclusory allegations do not meet that requirement.  Id.  The Court explained that a complaint must contain sufficient factual matter from which the Court may reasonably infer that the defendants are liable for the alleged misconduct identified by the plaintiff.  Id.  Concluding that Lugo's filings did not meet this standard, the Court directed Lugo to file an amended complaint in which he identifies the alleged misconduct of each defendant.  Id. at 3-4.

Since the Court's February 15, 2023 Order, Lugo has filed a three-page "Complaint," D. 26, a "Chief Complaint," D. 28, and a second "Chief Complaint," D. 29, none of which are signed by Lugo.  Upon review of the two "Chief Complaints," which are identical in substance, the Court finds that they fail to state a claim upon which relief may be granted because Lugo has not alleged sufficient facts that would connect the conditions of confinement of which he complains to any actionable conduct of the defendants.

In the Chief Complaints, Lugo names three defendants:  Jorge Veliz, M.D., whom Lugo appears to identify as the President of Psychiatric Correctional Care; Osvaldo Vidal, whom Lugo identifies as the Superintendent of BHOC; and Christopher L. Myers, whom Lugo identifies as the Director of BSH.  Lugo complains of a variety of alleged conditions of confinement at BSH (and,

to some extent, at BHOC) including the lack of nutritious food, lack of proper medical care, the water temperature used for showering and laundry, inadequate clothing, lack of adequate sanitation throughout the facility, limited commissary options and the price thereof, being left without clothes while on mental health watch, lack of higher educational opportunities, loss of personal property and the use of excessive force. Notwithstanding the numerosity of conditions of confinement to which Lugo objects, he mentions each defendant only once:

> [L]eft without clothes [and] unshowered for months at a time while on an institutional mental health watch denied further services as a co-participant Dr. Jorge Veliz has been on my last 20 plus 18A [psychiatric evaluations] with which have all gone unresolved.
>
> . . . .
>
> But [sanitation issues] [have] become a much bigger problem than have ever been with both [Superintendent] of B.H.O.C. Osvaldo Vidal as well as the Chief MD of B.S.H. Christopher L. Myers as a result of my on-going complaints I've been retaliated against sent to other institutions to be "dealt" with.

D. 29 at 6, 9-10 (spelling standardized).

The Court construes Lugo's claims as arising under 42 U.S.C. § 1983, which provides that any "person," acting under the color of state law, who violates the federal rights of another person, "shall be liable to the party injured." 42 U.S.C. § 1983. In the context of a § 1983 claim, "[i]t is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005))). In other words, "supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization." Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir.2000); see also

Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 536 (1st Cir. 2011) (stating that "not every official who is aware of a problem exhibits deliberate indifference by failing to resolve it" (internal quotation marks omitted)).

Here, even though the defendants presumably have some level of authority at their respective institutions, the Court cannot reasonably infer from Lugo's brief references to any conduct by the defendants that they can be held personally liable for any deprivation of Lugo's federal rights.

**III.   Conclusion**

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A, the Court DISMISSES this action without prejudice for failure to state a claim upon which relief may be granted.  No filing fee is assessed.

**So Ordered.**

      /s Denise J. Casper
Denise J. Casper
United States District Judge